NEW HORIZONS ELECTRONICS MARKETING, INC., Plaintiff-Appellant, v. CLARION CORPORATION OF AMERICA, Defendant-Appellee (Stephen Feuer, Defendant).

Second District   No. 2—89—1172

Opinion filed September 21, 1990.

Robert W. Queeney and Steven B. Varick, both of McBride, Baker & Coles, of Chicago, for appellant.

Peter Carlson and Carolyn Quinn, both of Kelly, Drye & Warren, of Chicago, for appellee.

JUSTICE REINHARD delivered the opinion of the court:
Plaintiff, New Horizons Electronics Marketing, Inc., filed a three-

count complaint in the circuit court of Lake County against defendant, Clarion Corporation of America (Clarion), and its employee, Stephen Feuer, alleging that Clarion's termination of a sales representation agreement constituted both the tort of retaliatory discharge (count I) and a breach of contract (count II). As to Feuer, plaintiff alleged an intentional interference with contractual relations and prospective business relations with Clarion (count III). Pursuant to Clarion's motion to dismiss (Ill. Rev. Stat. 1989, ch. 110, par. 2—615), the circuit court dismissed count I of the complaint, alleging retaliatory discharge, and it later granted summary judgment in favor of Clarion on count II, asserting a breach of contract. The written order of summary judgment in favor of Clarion also stated that summary judgment was granted in favor of defendant Feuer, although the record filed on appeal does not contain any filing of pleadings or appearance by Feuer. Plaintiff's appeal addresses only counts I and II relating to the rulings against it on the claims against Clarion.

At issue on appeal is (1) whether an independent contractor can assert a claim based on the tort of retaliatory discharge; and (2) whether under California law Clarion breached an implied covenant of good faith and fair dealing.

The facts underlying this action can be briefly summarized. Plaintiff is an Illinois corporation with its principal place of business in Bannockburn, Illinois, and Clarion is a California corporation with an Illinois office. Defendant Stephen Feuer is Clarion's Midwest regional sales manager employed by Clarion at its Illinois office. In 1983, plaintiff and Clarion entered into a written sales representation agreement (the agreement) whereby plaintiff was to act as Clarion's sales representative in Illinois, eastern Wisconsin, and two counties in Indiana. The agreement was terminable by either party upon 30 days' notice, and it was also subject to termination if plaintiff failed to meet its assigned sales quota for any two consecutive quarters. The agreement was expressly to be governed by California law.

Plaintiff's complaint alleged that, on several occasions during the term of the agreement, Feuer asked plaintiff for bribes and kickbacks, but plaintiff refused. In a letter dated March 1, 1985, Feuer informed plaintiff that, "based on New Horizons' failure to achieve quota for the last 17 months," Clarion would terminate the agreement effective April 1, 1985. Clarion's upper management denied plaintiff's request to overrule Feuer's decision.

In an amended complaint, plaintiff set forth three counts, counts I and II against Clarion and count III against Feuer. Count I sought recovery under the tort of retaliatory discharge because plaintiff was al-

legedly terminated for its refusal to participate in illegal bribes and kickbacks. Count II alleged that Clarion breached an implied covenant of good faith and fair dealing both by terminating plaintiff due to its refusal to engage in illegal conduct and by failing to afford plaintiff an opportunity to cure any defects in its performance. Count III alleged that Feuer intentionally interfered with plaintiff's contractual relationship with Clarion.

Clarion filed a motion under section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—615) seeking dismissal of count I of the amended complaint for failure to state a cause of action. The trial court granted the motion based on its finding that "plaintiff does not fall within the principles of employee at-will retaliatory discharge." The order setting forth this ruling notes that plaintiff admitted that it was not an employee of Clarion but was an independent contractor.

Clarion subsequently filed a motion for summary judgment (Ill. Rev. Stat. 1989, ch. 110, par. 2—1005) on count II of the amended complaint with supporting excerpts from depositions and other materials. Clarion argued that it had given plaintiff the required 30-day notice before terminating the agreement and also that it had the right to terminate the agreement because of plaintiff's failure to meet its sales quotas. Clarion further argued that, under California law, no covenant of good faith and fair dealing could be implied in the contract. Plaintiff filed a memorandum in opposition to the motion.

In a memorandum opinion issued October 10, 1989, the trial court ruled that the agreement did not require that termination be for cause, and the court noted that Clarion had given plaintiff the required 30-day notice of cancellation. The court also ruled that there was no "special relationship between the corporate parties" which would give rise to an implied covenant of good faith and fair dealing under California law.

■ We first address the trial court's dismissal of count I of the amended complaint for failure to state a cause of action. The trial court concluded that plaintiff could not assert a retaliatory discharge claim because it was an independent contractor and not an employee of Clarion. A court reviewing the dismissal of a complaint for failure to state a cause of action must determine the legal sufficiency of the complaint. *Kirk v. Michael Reese Hospital & Medical Center* (1987), 117 Ill. 2d 507, 516, 513 N.E.2d 387.

■ As a general rule, an employment relationship without a fixed duration is terminable at will by either party. (*Duldulao v. St. Mary of Nazareth Hospital Center* (1987), 115 Ill. 2d 482, 489, 505

N.E.2d 314, 317.) In *Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 181-82, 384 N.E.2d 353, 357, the Illinois Supreme Court recognized the tort of retaliatory discharge as an exception to the rule of at-will employment. The court held that an employee who is terminated for asserting his rights under the Workmen's Compensation Act (Ill. Rev. Stat. 1973, ch. 48, par. 138.1 *et seq.*) may maintain an action for retaliatory discharge against his employer. The supreme court expanded the tort in *Palmateer v. International Harvester Co.* (1981), 85 Ill. 2d 124, 130, 421 N.E.2d 876, 878-79, holding that an employee may maintain an action for retaliatory discharge when his termination violates a clearly mandated public policy. To allege a valid claim for retaliatory discharge, a plaintiff must allege (1) a discharge; (2) the discharge was in retaliation for his activities; and (3) the discharge violates a clear mandate of public policy. *Hinthorn v. Roland's of Bloomington, Inc.* (1988), 119 Ill. 2d 526, 529, 519 N.E.2d 909, 911.

Plaintiff argues that it was a violation of public policy for Clarion to terminate the agreement because plaintiff refused to engage in illegal conduct. Plaintiff further contends that the rationale for the tort is to deter the violation of public policy and that such rationale applies equally to employees and independent contractors.

■ The supreme court recognized the tort of retaliatory discharge as an exception to the rule of at-will *employment*. (*Kelsay*, 74 Ill. 2d at 181, 384 N.E.2d at 357.) Although the tort has been extended beyond at-will employees (see *Midgett v. Sackett-Chicago, Inc.* (1984), 105 Ill. 2d 143, 150, 473 N.E.2d 1280, 1283-84 (employees under union contract may assert retaliatory discharge claim and recover punitive damages)), the court has not expanded the tort outside of the *employment* setting. The rationale underlying the tort is based on the recognition that "employer and employee do not stand on equal footing," and a proper balance must be maintained among the employee's interest in operating a business efficiently and profitably, the employee's interest in earning a livelihood and society's interest in seeing its public policies carried out. (*Palmateer*, 85 Ill. 2d at 129, 421 N.E.2d at 878.) Moreover, our review of other jurisdictions indicates that the only State to address the question has determined that an independent contractor cannot assert a claim of retaliatory discharge. See *Wilmington v. Harvest Insurance Cos.* (Ind. App. 1988), 521 N.E.2d 953, 956; *Morgan Drive Away, Inc. v. Brant* (Ind. App. 1985), 479 N.E.2d 1336, 1338, *rev'd on other grounds* (Ind. 1986), 489 N.E.2d 933, 934.

Here, plaintiff is not an employee but an independent contractor. We hold, therefore, that plaintiff cannot assert a claim of retaliatory

discharge against Clarion, and we affirm the trial court's dismissal of count I of the amended complaint.

The second issue raised by plaintiff is that the trial court, in entering summary judgment for Clarion on the breach of contract claim in count II, erred in ruling that Clarion's termination of the agreement did not breach any implied covenant of good faith and fair dealing under California law. Plaintiff argues that the agreement contained such an implied covenant, and it argues that Clarion breached the covenant by (1) terminating the agreement because of plaintiff's refusal to engage in illegal conduct instead of for good cause; and (2) refusing to give plaintiff the opportunity to cure any deficiencies in its performance.

■■ ■ A trial court may grant summary judgment where the "pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Ill. Rev. Stat. 1989, ch. 110, par. 2—1005(c).) In ruling on a motion for summary judgment, the trial court must consider all of the evidence before it and construe it strictly against the movant and liberally in favor of the nonmovant. Summary judgment is a drastic means of disposing of litigation and should be granted only when the right of the moving party is clear and free from doubt. (*Purtill v. Hess* (1986), 111 Ill. 2d 229, 240, 489 N.E.2d 867, 871.) As the agreement at issue here expressly provided that it was to be governed by California law, our examination of this question is made with regard to the laws of that State. See *Potomac Leasing Co. v. Chuck's Pub, Inc.* (1987), 156 Ill. App. 3d 755, 757-58, 509 N.E.2d 751, 753-54.

Under California law, there exists in every contract an implied covenant of good faith and fair dealing. Each party to the contract impliedly covenants not to do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract. (*Kendall v. Ernest Pestana, Inc.* (1985), 40 Cal. 3d 488, 500, 709 P.2d 837, 844, 220 Cal. Rptr. 818, 825.) The California Supreme Court has recognized that a breach of the covenant of good faith and fair dealing also can give rise to a tort cause of action. (*Seaman's Direct Buying Service, Inc. v. Standard Oil Co.* (1984), 36 Cal. 3d 752, 768-69, 686 P.2d 1158, 1166, 206 Cal. Rptr. 354, 362.) More recently, the California Supreme Court has emphasized that such tort actions arise in only very limited circumstances where the contracting parties are engaged in a "special relationship." (*Foley v. Interactive Data Corp.* (1988), 47 Cal. 3d 654, 687, 765 P.2d 373, 392, 254 Cal. Rptr. 211, 230.) Where the tort action does not apply, a par-

ty's only remedy for a breach of the implied covenant of good faith and fair dealing is in contract. See *Foley*, 47 Cal. 3d at 696-97, 765 P.2d at 398-99, 254 Cal. Rptr. at 236-37 (only a contract remedy is available for breach of the covenant in the employment setting).

In *Foley v. Interactive Data Corp.* (1988), 47 Cal. 3d 654, 765 P.2d 373, 254 Cal. Rptr. 211, the California Supreme Court noted:

> "An allegation of breach of the implied covenant of good faith and fair dealing is an allegation of breach of an 'ex contractu' obligation, namely one arising out of the contract itself. The covenant of good faith is read into contracts in order to protect the express covenants or promises of the contract, not to protect some general public policy interest not directly tied to the contract's purposes." (*Foley*, 47 Cal. 3d at 690, 765 P.2d at 394, 254 Cal. Rptr. at 232.)

The court further stated that, pursuant to traditional contract-law principles, the motive of the breaching party has no impact on the scope of damages the injured party can recover for a breach of the implied covenant of good faith and fair dealing. *Foley*, 47 Cal. 3d at 696-97, 765 P.2d at 398-99, 254 Cal. Rptr. at 238-39.

In *Abrahamson v. NME Hospitals, Inc.* (1987), 195 Cal. App. 3d 1325, 1326, 241 Cal. Rptr. 396, 397, a contract between the plaintiff, a physician, and a hospital was terminable by either party "without cause upon ninety (90) days written notice." The hospital exercised the termination option in accordance with its terms, but the plaintiff alleged the action was taken in violation of the implied covenant of good faith and fair dealing. In this regard, plaintiff alleged that he was terminated because he charged the hospital with poor practices in the healing arts and that his termination for this reason was contrary to public policy. (*Abrahamson*, 195 Cal. App. 3d at 1328, 241 Cal. Rptr. at 397.) The court of appeal concluded that the plaintiff, an independent contractor, could not state a cause of action for breach of the covenant of good faith and fair dealing. The court refused to read into the contract an implied covenant which would negate the explicit terms of the termination provision. *Abrahamson*, 195 Cal. App. 3d at 1330, 241 Cal. Rptr. at 399.

■■ We believe that the termination provision here is equivalent to the one at issue in *Abrahamson*. Plaintiff states that the agreement "gave Clarion the right to terminate on thirty-days notice for a failure to reach sales quotas," implying that termination was to be exercised only for cause. As we noted above, however, the agreement contained two separate provisions regarding termination. One gave Clarion the right to terminate if plaintiff failed to meet sales quotas,

while the other gave *both* parties an unqualified right to terminate upon 30 days' notice. Thus, although this agreement does not expressly state that the termination provision could be exercised "without cause," we find the provision to be essentially the same as that at issue in *Abrahamson.*

We conclude, therefore, that the approach taken in *Abrahamson* is also appropriate here. The agreement at issue here expressly provided that either party could terminate it upon 30 days' notice, and plaintiff does not dispute that such notice was given. Because the "covenant of good faith is read into contracts in order to protect the express covenants or promises of the contract" (*Foley,* 47 Cal. 3d at 690, 765 P.2d at 394, 254 Cal. Rptr. at 232), we agree with the court in *Abrahamson* that it would be improper to imply the covenant in a manner which would change the meaning of an explicit contractual provision.

Plaintiff contends that *Abrahamson* is inapposite here because that case dealt with termination for no cause as opposed to the termination in alleged bad faith at issue here. We are not persuaded that this distinction compels us to reach a different result. It remains true that plaintiff would have us apply the covenant of good faith and fair dealing to the termination provision in such a way as to alter its specific terms. The approach followed in *Abrahamson* indicates that this would not be warranted under California law.

Thus, there being no disputed issue of fact that plaintiff was given the 30-day notice of termination as required in the agreement, plaintiff cannot maintain a cause of action for breach of the implied covenant of good faith and fair dealing, and summary judgment was properly entered for Clarion.

Accordingly, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

WOODWARD and DUNN, JJ., concur.