Filed 4/25/14  Donovan v. Dan Murphy Foundation CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| JAMES M. DONOVAN,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>DAN MURPHY FOUNDATION et al.,<br><br>Defendants and Respondents. | B246735<br><br>(Los Angeles County<br>Super. Ct. No. BC444662) |

APPEAL from an order of the Superior Court of Los Angeles County, Elizabeth White, Judge.  Affirmed.

Horvitz & Levy, Jeremy B. Rosen; Law Offices of James M. Donovan and Michael J. Glenn for Plaintiff and Appellant.

Waxler, Carner, Brodsky, Andrew J. Waxler, Christopher L. Wong; McKool Smith Hennigan, J. Michael Hennigan, Lauren A. Smith, and Peter J. Most for Defendants and Respondents.

_____

## INTRODUCTION

This case is before us for the second time.  In the prior instance, this court reversed an order granting a special motion to strike appellant James M. Donovan's complaint for wrongful removal and declaratory relief against respondents the Dan Murphy Foundation (Foundation) and its current directors, Monsignor Jeremiah Murphy, Edward Landry, Richard A. Grant, Jr., Maria O. Grant, Julia Donohue Schwartz, Frederick Roupp, and Jon Rewinski.[1]  (*Donovan v. Dan Murphy Foundation* (2012) 204 Cal.App.4th 1500.)  Following remittur, the trial court sustained a demurrer without leave to amend and dismissed appellant's first amended complaint (FAC).  Appellant contends the trial court erred in determining that he could be removed without cause by a vote of the majority of directors then in office.  We conclude that appellant's removal violated no law.  Accordingly, we affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On August 30, 2010, appellant filed a complaint for declaratory relief and wrongful removal against respondents.  According to the complaint, on December 2, 2009, allegedly without prior notice, Monsignor Murphy, Landry and the Grants voted to remove appellant as a director of the Foundation.  Appellant, Schwartz and another director at that time, Rosemary Donohue, objected and voted against the removal.  Appellant alleged he was removed because he raised concerns about the Foundation's financial oversight and governance.  He sought a declaration that his removal was illegal and an order reinstating him.  In addition, appellant

---

[1]     Roupp and Rewinski were elected as directors after appellant was removed from the board of directors of the Foundation (Board).

2

requested: (1) that the court issue an order enjoining respondents from removing him as a director without proper cause; (2) that the court appoint an independent counsel on "such additional terms and conditions as the Court deems necessary"; (3) that the court appoint a monitor to review and oversee the activities of the Foundation and the Board; and (4) that appellant be awarded compensatory damages and costs.

Respondents filed an answer to the complaint, generally denying the allegations. On the same day, respondents also filed a special motion to strike the complaint under Code of Civil Procedure section 425.16, the anti-SLAPP statute. On December 17, 2010, after a hearing, the trial court granted the special motion to strike the complaint. This court reversed. We held:

> "Because the gravamen of appellant's complaint did not implicate protected activity, the trial court's order granting respondents' special motion to strike the complaint under section 425.16 must be reversed. We do not suggest that appellant's causes of action are viable, let alone meritorious. Nor do we find the motion to strike was frivolous. We conclude only that the court erred in granting the special motion to strike. Respondents were and remain free to challenge appellant's complaint on grounds other than those set forth in section 425.16." (*Donovan v. Dan Murphy Foundation*, *supra*, 204 Cal.App.4th at p. 1510.)

Following remittur, appellant successfully moved to disqualify the prior trial court judge pursuant to Code of Civil Procedure section 170.6. Thereafter, on July 6, 2012, respondents filed a motion for judgment on the pleadings. Respondents argued, among other grounds, that under Corporations Code section 5222, subdivision (a)(3), they had an absolute right to remove appellant pursuant to a vote of the majority of the Board, at any time, with or without cause.[2] Appellant's

---

[2]     All further statutory citations are to the Corporations Code, unless otherwise stated.

3

complaint had alleged that the Foundation is a California nonprofit public benefit corporation with no members, and that he was removed by the vote of a majority of the Board. Under section 5222, subdivision (a)(3), any or all directors of a nonprofit public benefit corporation may be removed without cause if (1) the corporation has no members, and (2) the removal is approved by a majority of the directors then in office. Likewise, the Foundation's bylaws provide that "the vote of a majority of the trustees then in office," without any requirement for cause, is sufficient to remove a trustee.[3] Respondents also contended that appellant could not assert a claim for wrongful removal in violation of public policy, as he was a volunteer, i.e., uncompensated trustee, who served only a one-year term with no right to reelection.

Appellant opposed the motion, arguing that there was no "unbridled, unconditional" right to terminate a director, especially in cases where the purpose of the termination was to avoid an investigation into other directors' purported violations of their fiduciary duty. After a hearing, the trial court conditionally granted the motion for judgment on the pleadings, finding that pursuant to section 5222, subdivision (d), the Board had a unilateral right to terminate appellant after he had completed his term as a director. The court permitted appellant leave to amend his complaint to state his term of service to avoid the application of that statutory provision.

Subsequently, Donovan amended his complaint to state: "Additionally, at the October 26, 2009 meeting, Plaintiff was elected as a Trustee for a term that would expire no earlier than the next annual meeting of the Board in 2010." There were no other changes to the complaint. On October 22, 2012, respondents

---

[3] Under the Foundation's bylaws, directors of the Board of the Foundation are called "trustees."

4

demurred to the FAC on the same grounds set forth in their prior motion for judgment on the pleadings.

After another hearing, the trial court issued an order sustaining the demurrer without leave to amend and dismissing the FAC. The court found that section 5222, subdivision (d) was inapplicable to the instant case. Rather, section 5222, subdivision (a)(3) governed, and under that statutory provision, appellant's removal was proper. Appellant timely noticed an appeal from the order.

## DISCUSSION

### A. *Standard of Review*

"In reviewing an order sustaining a demurrer, we assume well-pleaded factual allegations to be true and examine the complaint de novo to determine whether it alleges facts sufficient to state a cause of action on any legal theory. [Citation.]" (*Kyablue v. Watkins* (2012) 210 Cal.App.4th 1288, 1292.) Because the demurrer was sustained based upon an interpretation of certain provisions of the Corporations Code, we must determine whether the trial court's interpretation was correct. "Statutory interpretation is a question of law subject to our independent review." (*Honig v. San Francisco Planning Dept.* (2005) 127 Cal.App.4th 520, 524.) "As in any case involving statutory interpretation, our fundamental task here is to determine the Legislature's intent so as to effectuate the law's purpose. [Citation.] We begin by examining the statute's words, giving them a plain and commonsense meaning. [Citation.] We do not, however, consider the statutory language 'in isolation.' [Citation.] Rather, we look to 'the entire substance of the statute . . . in order to determine the scope and purpose of the provision . . . . [Citation.]' [Citation.]" (*People v. Murphy* (2001) 25 Cal.4th 136, 142.) We review the trial court's decision denying leave to amend for an

5

abuse of discretion. (*Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126.) A court abuses its discretion if there is a reasonable possibility that the defect in the complaint can be cured by an amendment. "'The burden of proving such reasonable possibility is squarely on the plaintiff.'" (*Ibid.*)

B.    *Section 5222*

Respondents note -- and appellant does not contest -- that the Foundation's bylaws permit the removal of a trustee, with or without cause, at any time by majority vote of the Board. Respondents further note that under section 5222, subdivision (a), appellant was subject to removal by a majority vote of the Board. Appellant contends, however, that under subdivision (d) of section 5222, he could not be removed without cause during the pendency of his term. We reject appellant's construction of section 5222.

Section 5222 is part of the Nonprofit Public Benefit Corporation Law, which governs California nonprofit public benefit corporations. (See § 5110.) Subdivision (a) of section 5222 provides:

> "Subject to subdivisions (b) and (f),[4] any or all directors may be removed without cause if:
>
> "(1) In a corporation with fewer than 50 members, the removal is approved by a majority of all members (Section 5033)
>
> "(2) In a corporation with 50 or more members, the removal is approved by the members (Section 5034).
>
> "(3) In a corporation with no members, the removal is approved by a majority of the directors then in office." (Fn. added.)

---

[4]    It is undisputed that neither subdivision (b) nor (f) applies to the instant case.

Here, the FAC alleged -- and there is no dispute -- that the Foundation is a California nonprofit public benefit corporation with no members. Thus, under the plain language of section 5222, subdivision (a)(3), appellant could be removed as a director without cause if the removal was approved by a majority of the directors then in office. It is undisputed that a majority of the directors then in office (four out of seven directors) voted to remove appellant. On these facts, the removal of appellant as a director was proper.

Appellant contends, however, that under section 5222, subdivision (d), he could not be removed without cause prior to the expiration of his term of office. Section 5222, subdivision (d) provides that "[e]xcept as provided in this section [5222] and Sections 5221, 5223, and 5227, a director may not be removed prior to the expiration of the director's term of office." By its plain language, the prohibition on removing a director prior to the expiration of the director's term of office is expressly subject to the provisions of section 5222, including subdivision (a), which permits such removal by a majority vote of the directors. This does not render subdivision (d) superfluous. That subdivision continues to apply where, inter alia, the conditions set forth in subdivisions (a), (b), or (c) have not been met. In contrast, appellant's interpretation would read out of subdivision (d) the language "except as provided in this section," and read into subdivision (a) the words "subject to subdivision (d)" which nowhere appear in it. In short, as respondents complied with section 5222, subdivision (a), they were not prohibited by section 5222, subdivision (d) from removing appellant as a director prior to the expiration of his term of office.

C.      *Termination in Violation of Public Policy*

Appellant further contends his removal was in violation of public policy, analogizing his case to *Tameny v. Atlantic Richfield Co*. (1980) 27 Cal.3d 167 (*Tameny*), *Green v. Ralee Engineering Co*. (1998) 19 Cal.4th 66 (*Green*), and *Barbosa v. IMPCO Technologies, Inc*. (2009) 179 Cal.App.4th 1116 (*Barbosa*).  In *Tameny*, the California Supreme Court held that an at-will employee, who was fired for refusing to commit a criminal act, may bring a tort action for wrongful discharge in violation of public policy.  (*Tameny*, at pp. 169, 178.)  In *Green*, the Supreme Court held that an at-will employee, who was discharged for complaining to management that airline parts that failed safety regulations promulgated by the Federal Aviation Administration were being sold, could bring a *Tameny* claim.  (*Green*, at p. 71.)  In *Barbosa*, the appellate court held that an at-will employee could not be terminated solely for filing a mistaken but good faith claim for overtime wages.  "Any other conclusion would open the door to employee intimidation and chill the exercise of statutory rights."  (*Barbosa*, at p. 1123.)

We conclude that appellant's reliance on *Tameny*, *Green*, and *Barbosa* is misplaced.  Those cases are distinguishable as they involved the discharge of paid employees by their employers.  (See *Miklosy v. Regents of University of California* (2008) 44 Cal.4th 876, 901 ["common law *Tameny* cause of action for wrongful termination in violation of public policy lies only against an employer"].)  Appellant was not an employee of the Foundation; he was a volunteer director.  Appellant has not cited -- and we have not found -- any case extending *Tameny* to nonemployees, such as volunteer directors of a nonprofit public benefit corporation.  Indeed, courts have rejected invitations to extend *Tameny* to claims outside of the employment relationship.  (See *Harris v. Atlantic Richfield Co*. (1993) 14 Cal.App.4th 70, 72 [no *Tameny* cause of action for tortious breach of a

8

contract in violation of public policy exists outside employment relationship]; see also *Mendoza v. Town of Ross* (2005) 128 Cal.App.4th 625, 637 [because plaintiff was an unpaid volunteer, trial court properly sustained demurrer without leave to amend to his cause of action for wrongful termination against public policy]; *Sistare-Meyer v. Young Men's Christian Assn.* (1997) 58 Cal.App.4th 10, 18 ["under *Tameny* and its progeny, independent contractors cannot assert *Tameny* claims predicated on race-based terminations"]; *Abrahamson v. NME Hospitals, Inc.* (1987) 195 Cal.App.3d 1325, 1330 [doctor could not allege *Tameny* claim against hospital because doctor was an independent contractor, not an employee].)

Moreover, the law affords remedies apart from the major expansion of *Tameny* that appellant espouses. First, and most obvious, the Legislature is the body particularly equipped to deal with the limits and contours of any remedy that could be applied. Second, where the circumstances warrant, application may be made to the Attorney General to exercise the supervisory powers of that office over charitable trusts. (See §§ 5142 [Attorney General may bring action to enjoin, correct, obtain damages for or to otherwise remedy a breach of a charitable trust], 5250 ["A [nonprofit public benefit] corporation is subject at all times to examination by the Attorney General . . . to ascertain the condition of its affairs and to what extent, if at all, it fails to comply with trusts which it has assumed or has departed from the purposes for which it is formed. In case of any such failure or departure the Attorney General may institute . . . the proceeding necessary to correct the noncompliance or departure"]; see also Gov. Code, § 12598, subd. (a) ["The primary responsibility for supervising charitable trusts in California, for ensuring compliance with trusts and articles of incorporation, and for protection of assets held by charitable trusts and public benefit corporations, resides in the

9

Attorney General."].) For all these reasons, we decline to extend *Tameny* and its progeny to the instant case.[5]

Appellant also contends that the other directors violated their fiduciary duties to the Foundation by voting to remove him from the Board. Appellant has not asserted a breach of fiduciary duty claim. More important, the fiduciary duties are owed to the Foundation, and appellant lacks standing to bring an action for breach of fiduciary duty on behalf of the Foundation. A director of corporation who was properly removed by a vote of the majority of directors cannot bring a claim on behalf of the corporation. (*American Center for Education, Inc. v. Cavnar* (1978) 80 Cal.App.3d 476, 499, superseded by statute on other ground as stated in *Patton v. Sherwood* (2007) 152 Cal.App.4th 339, 346.)

Finally, appellant contends that his removal was improper because he was not notified prior to the meeting that there would be a vote to remove him. Appellant cites no bylaw, statute or case authority that entitles him to prior notice. Moreover, appellant was present for the vote, voiced his objections, and voted

---

[5]  Even were we to consider a public policy exception to section 5222, subdivision (a), we are not persuaded that appellant would fall within such an exception. Appellant was not removed for refusing to commit a crime, complaining about public safety issues, or filing a lawsuit to vindicate a statutory right. Rather, the purported reasons for appellant's removal were his complaints to the Board about financial oversight of the Foundation's assets and corporate governance of the Foundation, issues not generally affecting society at large. (See *Scott v. Phoenix Schools, Inc*. (2009) 175 Cal.App.4th 702, 708 [In context of *Tameny* claim, "[d]etermining whether a claim involves a matter of public policy as opposed to an ordinary dispute between the employer and employee depends on whether the matter affects society at large, whether the policy is sufficiently clear, and whether it is fundamental, substantial, and well established at the time of the termination. [Citation.]"].) We are doubtful that appellant's complaints regarding the management of the Foundation's assets and its governance meet this rigorous standard.

against his removal. Two other directors objected to and joined in voting against his removal.

In sum, as a nonemployee director of a nonprofit public benefit corporation who was voted off the Board by a majority of the directors, appellant has stated no viable cause of action for wrongful removal. As appellant's removal as a director of the Board was in accord with section 5222, subdivision (a)(3), he is not entitled to a declaration that his removal was illegal or to an order reinstating him to the Board.[6] Accordingly, the trial court properly sustained the demurrer and dismissed appellant's causes of action.[7]

### D.    *Leave to Amend Complaint*

Appellant contends the trial court abused its discretion in denying him leave to amend the FAC. He has the burden of proving a reasonable possibility that an amendment would permit him to maintain his causes of action. (*Zelig v. County of Los Angeles, supra,* 27 Cal.4th at p. 1126.) Appellant proposes to add an allegation that his termination without notice was flawed and not in accordance with best practices and corporate standards. This proposed amendment would not save appellant's causes of action, as the allegation, even if true, would not render the removal illegal or void. Accordingly, the trial court did not abuse its discretion in denying leave to amend.

---

[6]    As respondents note, by the time appellant filed suit, his one-year term had expired.

[7]    As our ruling disposes of appellant's appeal, we need not address other arguments raised by respondent for affirming the judgment below.

## DISPOSITION

The order is affirmed.  Respondents are awarded their costs on appeal.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.**



MANELLA, J.


We concur:



EPSTEIN, P. J.



EDMON, J.*


_____
* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.