NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 4, 2014[*]
Decided June 9, 2014

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 12-1739

| | |
|---|---|
| ALEX GU, | |
| *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| PRESENCE SAINT JOSEPH MEDICAL CENTER f/k/a PROVENA ST. JOSEPH MEDICAL CENTER, BETH HUGHES, and MARY ALBERTS-KOOI, | No. 11 C 5655 |
| | Samuel Der-Yeghiayan, |
| *Defendants-Appellees*. | *Judge*. |

---

[*] After examining the briefs and records, we have concluded that oral argument is unnecessary. Thus, these appeals are submitted on the briefs and records. *See* FED. R. APP. P. 34(a)(2)(C).

No. 13-3635

ALEX GU,

    *Plaintiff-Appellant,*      Appeal from the United States District
                       Court for the Northern District of
   *v.*                 Illinois, Eastern Division.

BETH HUGHES, MARY ALBERTS-      No. 13 C 5512
KOOI, and PRESENCE SAINT JOSEPH
MEDICAL CENTER f/k/a PROVENA     Amy J. St. Eve,
ST. JOSEPH MEDICAL CENTER,      *Judge.*
    *Defendants-Appellees.*


**O R D E R**

In these consolidated appeals, Alex Gu challenges adverse decisions in two lawsuits arising from a dispute surrounding his hospital privileges at Presence Saint Joseph Medical Center (f/k/a Provena St. Joseph Medical Center). We affirm both judgments.

Gu began working in 2000 as a surgical assistant at the hospital. In his first lawsuit, filed in 2011, Gu alleged that the hospital had not renewed his contract in 2004 but allowed him to continue working there so long as a physician sponsored him. Then in August 2009 he was notified that Beth Hughes, the chief operating officer, had revoked his hospital privileges because he contacted a patient without authorization to discuss a billing dispute. But this explanation was false, Gu said, and actually his privileges were revoked because he had accused Hughes of violating hospital policy when she denied his requests for a new contract. And though his privileges were reinstated six months later, the surgeons he assisted now had to cover him under their own malpractice insurance. Gu already had coverage, he explained, and no other surgical assistant was subject to this condition. These events, Gu asserted, support claims against the hospital, Hughes, and another hospital employee for retaliatory discharge under Illinois law, discrimination under Title VII of the Civil Rights Act of 1964 and the Illinois Human Rights Act, *see* 42 U.S.C. § 2000e-2; 775 ILL. COMP. STAT. 5/1-102, and a violation of his right to due process under the Fourteenth Amendment.

At summary judgment the defendants submitted declarations attesting that the hospital is privately owned, that Gu worked at the hospital as an independent

contractor but was not an employee, and that he did not file a charge of discrimination with the Equal Employment Opportunity Commission or the Illinois Human Rights Commission. (The defendants assumed that Gu was claiming discrimination based on national origin, but his complaint does not specify, nor does his motion opposing summary judgment.) Gu did not dispute the defendants' evidence in the manner required by local rule, *see* N.D. ILL. L. R. 56.1; *Cady v. Sheahan,* 467 F.3d 1057, 1060–61 (7th Cir. 2006), and thus the district court concluded that a jury could not reasonably find the defendants liable on any of Gu's claims.

Gu filed the first of these appeals from that decision. While briefing on that appeal was pending, Gu filed his second lawsuit in 2013 against the same defendants. This time he claimed, based on allegations nearly identical to those in his first suit, that because he is Asian, the defendants had engaged in discrimination actionable under 42 U.S.C. §§ 1981 and 1985. The defendants moved to dismiss the complaint on the ground of claim preclusion. The district court accepted that defense and dismissed the complaint with prejudice. Gu then filed his second appeal.

In his brief Gu does not address the district court's explanation for granting summary judgment in his first lawsuit. Instead, he mostly repeats the allegations from his complaint. But he does not point to evidence that he filed a charge of discrimination with the EEOC or the Illinois Human Rights Commission, *see* 42 U.S.C. § 2000e-5; 775 ILL. COMP. STAT. 5/7A-102(A)(1), (C)(4); *Tyson v. Gannett Co.,* 538 F.3d 781, 783 (7th Cir. 2008); *Lynch v. Dep't of Trans.*, 979 N.E.2d 113, 118–19 (Ill. App. Ct. 2012), that he was employed by the hospital, *see Buckner v. Atl. Plant Maint., Inc.*, 694 N.E.2d 565, 569–70 (Ill. 1998); *New Horizons Elecs. Mktg., Inc. v. Clarion Corp. of Am.*, 561 N.E.2d 283, 285 (Ill. App. Ct. 1990), or that any of the defendants were state actors, *see Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 619–20 (1991); *Morfin v. City of E. Chicago,* 349 F.3d 989, 1003 (7th Cir. 2003). Even though Gu is litigating pro se, he still must articulate some reason to disturb the district court's decision, *see* FED. R. APP. P. 28(a)(8)(A); *Anderson v. Hardman,* 241 F.3d 544, 545–46 (7th Cir. 2001), and he has not.

As for Gu's second lawsuit, he argues on appeal that the district court erroneously dismissed his §§ 1981 and 1985 claims on the ground of claim preclusion. That defense is inapplicable, Gu insists, because on his view, the first lawsuit was wrongly cut short at summary judgment, and thus he was not given a "full and fair opportunity to be heard." He adds without elaborating that "public policy" and "simple justice" warrant an exception to claim preclusion.

But claim preclusion was invoked properly. Gu offers no reason to "doubt the quality, extensiveness, or fairness" of the procedures followed by the district court in his first case. *Kremer v. Chem. Constr. Corp.,* 456 U.S. 461, 480–81 & n.22 (1982) (quotation marks and citation omitted). And to the extent that Gu asks us to create a public-policy exception to the doctrine of claim preclusion, there is "no principle of law or equity which sanctions the rejection by a federal court of the salutary principle of *res judicata*." *Federated Dep't Stores, Inc., v. Moitie,* 452 U.S. 394, 401 (1981) (quotation marks and citation omitted); *see Shaver v. F.W. Woolworth Co.,* 840 F.2d 1361, 1364–65 (7th Cir. 1988).

The judgments are **AFFIRMED**.